# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------ x

| | |
|---|---|
| ROSA CASIANO, MYRIAM CASIANO, MICHAEL CASIANO, JUAN CASIANO, and ROSA E. CASIANO-LOPEZ, | Index No.: _____/2023 |
| | Purchased: October 30, 2023 |
| Plaintiffs, | Plaintiffs designate Bronx County as the place of trial. |
| -against- | |
| R.G. ORTIZ FUNERAL HOME INC., and DELTA AIR LINES, INC., | The basis of venue is county of ORTIZ' designation as its corporate residence on its Secretary of State certificate of incorporation and its principal place of business. |
| Defendants. | |
| | **SUMMONS** |

------------------------------------------------------------------ x

*To the above-named Defendant(s)*:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       October 30, 2023

                                                _/s/ Eric Rothstein_

R.G. Ortiz Funeral Home Inc.           Eric E. Rothstein
201 Havemeyer Street                  Rothstein Law PLLC
Brooklyn, New York 11211            Attorney for plaintiffs
                                            325 East 79th Street, Suite 8B
Delta Airlines, Inc.                       New York, New York 10075
1030 Delta Blvd                             (212) 577-9797
Atlanta, GA 30354

*Notice: The nature of this action is* loss of sepulcher and negligence.

*The relief sought is* monetary damages.

*Upon failure to appear, judgment will be taken against you by with interest from July 16, 2023, and the costs of this action.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------- x
ROSA CASIANO, MYRIAM CASIANO,  
MICHAEL CASIANO, JUAN CASIANO, and  
ROSA E. CASIANO-LOPEZ,

Index No.: _____/2023

**VERIFIED COMPLAINT**

Plaintiffs,

-against-

R.G. ORTIZ FUNERAL HOME INC., and  
DELTA AIR LINES, INC.,

Defendants.
------------------------------------------------------------------- x

Plaintiffs, ROSA CASIANO, MYRIAM CASIANO, MICHAEL CASIANO, JUAN CASIANO, and ROSA E. CASIANO-LOPEZ, by their attorneys, ROTHSTEIN LAW PLLC, complaining of the defendants, R.G. ORTIZ FUNERAL HOME INC., and DELTA AIR LINES, INC., respectfully show to the Court and allege as follows:

### The Parties:

1) At all times hereinafter mentioned, plaintiff, ROSA CASIANO, resides in the County of Queens, City and State of New York.

2) At all times hereinafter mentioned, plaintiff, MYRIAM CASIANO, resides in the State of North Carolina.

3) At all times hereinafter mentioned, plaintiff, MICHAEL CASIANO, resides in the State of Pennsylvania.

4) At all times hereinafter mentioned, plaintiff, JUAN CASIANO, resides in the State of Pennsylvania.

5) At all times hereinafter mentioned, plaintiff, ROSA E. CASIANO-LOPEZ, resides in the State of Texas.

6) Plaintiffs, ROSA CASIANO, MYRIAM CASIANO, MICHAEL CASIANO, JUAN CASIANO, and ROSA E. CASIANO-LOPEZ, are the next-of-kin of decedent Miguel Angel Casiano Rodriguez.

7) Upon information and belief, at all times hereinafter mentioned, defendant, R.G. ORTIZ FUNERAL HOME INC. (hereinafter "ORTIZ"), was and still is a domestic corporation organized under and existing by virtue of the laws of the State of New York.

8) Upon information and belief, ORTIZ designated the County of Bronx as its corporate residence on the certificate of incorporation that it filed with the Secretary of State.

9) Upon information and belief, ORTIZ maintained its principal place of business in Bronx County, City and State of New York.

10) Upon information and belief, at all times hereinafter mentioned, ORTIZ operated one or more funeral homes within in the City of New York.

11) Upon information and belief, at all times hereinafter mentioned, ORTIZ operated a funeral home at 201 Havemeyer Street, Brooklyn, New York 11211 (hereinafter "the funeral home").

12) At all times hereinafter mentioned, ORTIZ' agents, servants, and/or employees were acting within the scope of their employment with ORTIZ.

13) Upon information and belief, at all times hereinafter mentioned, defendant, DELTA AIR LINES, INC. (hereinafter "DELTA"), was and still is a foreign business corporation authorized to do business in the State of New York.

14) Upon information and belief, at all times hereinafter mentioned, DELTA maintains its principal office at 1030 Delta Blvd, Atlanta, GA 30354.

15) At all times herein mentioned, DELTA was, and still is, doing business in the State of New York.

16) At all times herein mentioned, DELTA is a corporation licensed to do business in the State of New York, and is in the business of, among other things, providing airline transportation.

17) At all times hereinafter mentioned, defendant, DELTA's, agents, servants, and/or employees were acting within the scope of their employment with DELTA.

**The Facts**:

18) On or about June 26, 2023, Miguel Angel Casiano Rodriguez (hereinafter "decedent") died intestate in the County of Kings, City and State of New York.

19) Thereafter, plaintiff, ROSA CASIANO, contracted with ORTIZ to hold a wake for decedent at the funeral home and for ORTIZ to then arrange to transport the remains to Puerto Rico for burial.

20) ORTIZ made the arrangements with DELTA to fly decedent's remains to Puerto Rico.

21) On or about July 14, 2023, decedent had a wake at the funeral home.

22) Following the wake, on July 16, 2023, decedent's remains were supposed to be flown from New York's JFK Airport to San Juan, Puerto Rico on DELTA's flight 1961, taking off at 1:40 pm and arriving at 5:43pm.

23) However, on July 16, 2023, an employee from ORTIZ called Maria Almanzar, the step-mother of plaintiff, ROSA CASIANO, (who was not married to decedent), to tell her that decedent's remains had been flown to Santo Domingo, Dominican Republic, and arrived there around 5:30 pm that day.

24) The employee from ORTIZ told Maria Almanzar that decedent's remains would be put on the next flight to Puerto Rico.

25) On July 17, 2023, plaintiff, ROSA CASIANO, had several phone calls with ORTIZ and the only thing that she was told is that they were waiting for a flight.

26) On that same day, plaintiff, ROSA CASIANO, called DELTA at 800-352-2737, the number that ORTIZ gave her, but she was told they could not give her any information because she needed to call the funeral home and ORTIZ would call her back.

27) After not receiving a call back from ORTIZ, later that day, plaintiff, ROSA CASIANO, had a three-way phone call with ORTIZ and DELTA.

28) During this call, DELTA told plaintiff, ROSA CASIANO, that they still could not give her information other than that the paperwork said her father's remains were supposed to be in Santo Domingo and ORTIZ and DELTA again told her that they are working on it and will call her back.

29) Plaintiff, ROSA CASIANO, called ORTIZ a few more times that day and was told that there were no flights.

30) At about 6 pm, on July 17, 2023, the funeral home in Puerto Rico called plaintiff, MYRIAM CASIANO, to say that her father's remains would be flown from Santo Domingo, Dominican Republic, to San Juan, Puerto Rico, on July 18, 2023, although she was not told the flight information.

31) On July 18, 2023, the funeral home in Puerto Rico told plaintiff, ROSA CASIANO, that her father's remains arrived that day in San Juan, Puerto Rico, at 2 pm.

32) ORTIZ did not know that decedent's remains had arrived in Puerto Rico or what happened.

33) Decedent was supposed to have a wake in Puerto Rico on July 17, 2023, but it did not occur because ORTIZ and DELTA transported the remains to the wrong place.

34) On July 19, 2023, decent was finally buried in Puerto Rico.

35) Plaintiffs could not give decedent an open casket burial due to severe decomposition.

## AS AND FOR A FIRST CAUSE OF ACTION
(Loss of sepulcher)

36) Plaintiffs repeat and reallege each and every allegation set forth above as though set forth herein at length.

37) Plaintiffs, as decedent's next-of-kin, had the right to immediate possession of his remains and the right to find solace and comfort in the ritual of burial.

38) ORTIZ and DELTA by their, agents, servants, and employees, interfered with plaintiffs' right to the immediate possession of decedent's remains and the right to find solace and comfort in the ritual of burial.

39) ORTIZ and DELTA by their agents, servants, and employees, improperly dealt with decedent's remains.

40) ORTIZ and DELTA by their agents, servants, and employees, improperly and wrongfully interfered with plaintiffs' common law right of sepulcher.

41) Decedent's burial was delayed for several days due to ORTIZ and DELTA.

42) As a result, plaintiffs suffered mental anguish and sorrow.

43) ORTIZ and DELTA's acts, or failure to act, through their agents, servants, and employees, are the proximate cause of plaintiffs' aforesaid described injuries and damages, and the harm caused to them were reasonably foreseeable based upon the acts or failure to act by the defendants, their agents, servants, and employees alleged herein.

44) The injuries and damages sustained by the plaintiffs were solely the result of the negligence of ORTIZ and DELTA by their agents, servants, and employees, and plaintiffs in no way contributed thereto.

45) By reason of the foregoing, plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein.

46) ORTIZ and DELTA's conduct was part of a broader pattern of violating next-of-kin the right to immediate possession of their loved ones remains and their right to find solace and comfort in the ritual of burial, and was willful, egregious, in conscious disregard of others, shocks the consciousness, and warrants the imposition of punitive damages. Defendants authorized, participated in, consented to, or ratified the conduct giving rise to such damages, or deliberately retained its unfit servants such that it is complicit in that conduct, through one of more superior officers, and in the course of employment ordered, participated in, or ratified the outrageous conduct.

**WHEREFORE,** plaintiffs demand judgment against defendant as follows:

(a) A monetary sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein;

(b) Punitive damages;

(c) The costs and disbursements of this action.

(d)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 30, 2023

                Yours, etc.

**ROTHSTEIN LAW PLLC**
Attorneys for Plaintiffs
325 East 79th Street, Suite 8B
New York, New York 10075
(212) 577-9797

By:    Eric E. Rothstein

# **V E R I F I C A T I O N**

STATE OF NEW YORK   )
                                    : ss.:
COUNTY OF NEW YORK  )

Eric E. Rothstein, an attorney duly admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury:

I am the attorney of record for the plaintiffs in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiffs is because plaintiffs reside in a county other than the county I maintain my offices.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books and records maintained at my office.

Dated:  New York, New York
          October 30, 2023

                                                             _____
                                                                 Eric E. Rothstein

## NOTICE OF ELECTRONIC FILING
(Mandatory Case) (Uniform Rule § 202.5-bb)

You have received this Notice because: 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and 2) You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney**: Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" below).

**If you are not represented by an attorney**: You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing. If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing include**: serving and filing your documents electronically free access to view and print your e-filed documents limiting your number of trips to the courthouse paying any court fees on-line (credit card needed).

**To register for e-filing or for more information about how e-filing works**: visit: www.nycourts.gov/efile-unrepresented or contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov.

To find legal information to help you represent yourself visit www.nycourthelp.gov.

### Information for Attorneys
(E-filing is Mandatory for Attorneys):

An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)].

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

**Index No.:** _____/2023

**SUPRMEME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

ROSA CASIANO, MYRIAM CASIANO, MICHAEL CASIANO, JUAN CASIANO, and ROSA E. CASIANO-LOPEZ,

                              Plaintiffs,

    -against-


R.G. ORTIZ FUNERAL HOME INC., and DELTA AIR LINES, INC.,

                              Defendants.

**SUMMONS AND VERIFIED COMPLAINT**

**ROTHSTEIN LAW PLLC**
Attorneys for **Plaintiffs**
325 East 79th Street, Suite 8B
New York, New York 10075
212-577-9797

CERTIFICATION BY ATTORNEY:

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows:

I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstance, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in §130-1.1(c).

                              */s/ Eric Rothstein*

Eric E. Rothstein
Rothstein Law PLLC
325 East 79th Street, Suite 8B
New York, New York 10075
212-577-9797