```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  ROSA CASIANO, et al.,                                     :
                                      Plaintiffs,           :
              -against-                                     :   23 Civ. 11260 (LGS)
                                                            :
  R.G. ORTIZ FUNERAL HOME, INC., et al.,                    :   ORDER
                                      Defendants.           :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, Defendant Delta Airlines, Inc., ("Delta") filed a notice of removal from the Supreme Court of the State of New York, Bronx County, on December 28, 2023, removing the action solely under 28 U.S.C. § 1441(a).[1]

WHEREAS, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

WHEREAS, on December 11, 2023, Defendant R.G. Ortiz Funeral Home, Inc., ("Ortiz") accepted service of the Complaint. *See* Doc. No. 3, *Casiano et al. v. R.G. Ortiz Funeral Home Inc., et al.*, Index No. 817109/2023E (Sup. Ct., Bronx County, Dec. 11, 2023). The notice of removal does not show that Defendant Ortiz joined in or otherwise consented to removal.

WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty days of the filing of the Notice of Removal. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (stating that "section 1447(c) . . . authorize[s] a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or lack of subject matter jurisdiction" and concluding that a *sua*

---

[1] The notice of removal asserts removal based on § 1441(a). Although the notice also references § 1441(d) regarding timely service, that provision applies to actions against foreign states, including a political subdivisions, agencies or instrumentalities thereof, and neither Defendant is a foreign state.

*sponte* remand for a procedural defect is reviewable on appeal if issued more than 30 days after removal).

WHEREAS, Defendant Delta's notice of removal is procedurally defective because it is not joined by Ortiz.  It is hereby

**ORDERED** that this action is **REMANDED** to the Supreme Court of the State of New York, Bronx County.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, Bronx County, pursuant to 28 U.S.C. § 1447(c).

Dated:  January 4, 2024
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**